# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
V.
**JERMAINE DONNELL BLUE**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:11-CR-324

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ under 18 U.S.C.§924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- ☒ (1) There is a serious risk that the defendant will not appear.
- ☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is 25 years old and as an adult has amassed convictions for domestic violence (2), fleeing police officers (2 and 2 pending), possession of marijuana, assault with a dangerous weapon (2), and aggravated stalking (2). Defendant served concurrent prison terms on several of these offenses from 2005 to 2010. He served his maximum prison sentence and was discharged without parole on July 7, 2010.

The present charge before the court alleges that defendant was a felon in possession of a (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that no condition or combination of conditions will assure the presence of the defendant for future court proceedings, in light of his disregard of court orders (2 PPOs) issued by other courts, his two convictions for fleeing police officers, his pending charge for fleeing another police officer in July 2011, the fact that he remained at large from the end of September to the end of November, when an arrest warrant was pending, (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: December 15, 2011

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**Alternate Findings (B)** - (continued)

firearm on June 24 of this year. The following month he was charged with fleeing a police officer, and a state warrant for defendant's arrest for that offense was issued on September 23, 2011. He remained at large for over two months, until he was arrested on November 30, 2011 for new offenses of being a felon in possession, carrying a concealed weapon, and resisting a police officer.

On June 28, 2010 and April 1, 2011, Personal Protection Orders were issued by two separate Circuit Courts, each prohibiting defendant from possessing a firearm, and both remain in effect today. Of course, as a person with multiple felony convictions, defendant could not possess firearms in any event. Nevertheless, defendant has incurred two felon in possession charges (although not convictions) following his release from prison. This would suggest he was violating the PPOs as well.

At the time of his arrest on November 30, defendant attempted to flee the police by forcing the driver of a car he was in, at gunpoint, to elude a pursuing marked police car. When the car defendant was in was eventually stopped, defendant fled and was found hiding in a shed.

Defendant has never held employment, having a learning disability, and receives disability income, along with food stamps. Defendant's total monthly income from SSDI and food stamps totals $794.00, of which $250.00 is paid as rent to his aunt. This is his only monthly obligation.

Defendant has four children by four different mothers and maintains contact with only two of them. He does not pay child support for any of them.

**Part II - Written Statement of Reasons for Detention** - (continued)

and the November 30 incident where he used a gun to force a driver to help him flee from the police. These considerations are only enhanced by the fact that defendant faces a minimum 15 years in prison on the pending charge. The government has also shown by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community, in light of the young defendant's extensive criminal record, which includes a number of violent felonies, the two PPO's, and the fact that defendant on two occasions this year has been charged for possessing firearms, despite the fact he is a felon.